UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND (BALTIMORE)

| | | |
|---|---|---|
| IN RE: | * | |
| ELOISE A. TRAVERS | * | Case No. 10-27738-DWK |
| Debtor | * | Chapter 13 |
| *   *   *   *   *   * | * | |
| ELOISE A. TRAVERS | * | |
| Movant, | * | |
| vs. | * | |
| AMERICREDIT FINANCIAL SERVICES, INC. | * | |
| Respondent. | * | |
| *   *   *   *   *   *   *   *   *   *   *   * | | |

### RESPONSE BY AMERICREDIT FINANCIAL SERVICES, INC. TO DEBTOR'S OBJECTION TO CLAIM

AmeriCredit Financial Services, Inc. ("AmeriCredit"), by its attorney, Jacob C. Zweig of The Hale Law Group, PLLC, in support of its Response to Debtor's Objection to Claim of AmeriCredit, would state and show unto the Court as follows:

1. On August 27, 2010, AmeriCredit timely filed its unsecured Proof of Claim in the amount of $9,743.30, which claim represents the unsecured deficiency balance due under a certain Simple Interest Motor Vehicle Contract and Security Agreement entered into by the Debtor on May 15, 2001 with respect to the Debtor's purchase of a 2001 Hyundai Tiburon ("Vehicle").

2. The Debtor requests that the Court disallow AmeriCredit's claim, alleging that

the statute of limitations for collecting the debt owed to AmeriCredit is three (3) years, and that such period has expired as AmeriCredit's deficiency claim arose more than three (3) years ago.

3.  AmeriCredit's Proof of Claim complies with Rule 3001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 3001"), as the Proof of Claim sets forth AmeriCredit's claim in a clear written statement that substantially conforms with Official Form 10, to which is attached a copy of the contract under the claim arises, and documentation evidencing perfection of AmeriCredit's security interest.  Because AmeriCredit has filed its Proof of Claim in accordance with Bankruptcy Rule 3001, it constitutes *prima facie* evidence of the claim's validity and amount.  FED. R. BANKR. P. 3001(f).

4.  Section 502(b) of the Bankruptcy Code sets forth the exclusive grounds for disallowance of claims.  Upon a creditor's filing of a properly executed proof of claim, the burden shifts to the debtor to produce evidence in equal force to the *prima facie* case, which if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  *In re Gates,* 214 B.R. 467, 472 (Bankr. Md. 1997).

5.  AmeriCredit submits that the Debtor's assertion that the statute of limitations bars a claim is not sufficient to rebut the *prima facie* validity of AmeriCredit's claim.  *In re Herron*, __B.R.__, 2008 WL 189892, *4 (Bankr. D.Md. Jan. 23, 2008).  The Debtor in this case has not introduced any evidence to contradict AmeriCredit's claim or establish that AmeriCredit's claim should be disallowed under Section 502(b).

6.  AmeriCredit further submits that the Debtor is incorrect in declaring that the statute of limitations for collecting the debt owed to AmeriCredit is three (3) years from the last transaction date.  The Court of Appeals of Maryland has held that the four (4) year statute of limitations set forth in § 2-725(1) of the Commercial Law Article applies to an action to

recover a deficiency judgment.  *Scott v. Ford Motor Credit Company*, 691 A.2d 1320, 1325-1326 (Md. 1997).  In the instant case, the Vehicle was sold on June 6, 2007, and notice of the deficiency balance owed under the contract was sent to the Debtor on June 14, 2007.  Because the sale of the Vehicle and notice of the deficiency occurred less than four (4) years prior to the Debtor's bankruptcy petition date, AmeriCredit's claim is not barred by the applicable statute of limitations and should be allowed in its entirety..

       WHEREFORE, AmeriCredit requests:

       (a)       That the Court deny Debtor's Objection to Proof of Claim;

       (b)       That the Court grant such other and further relief to which AmeriCredit may be entitled; and

       (c)       Any further relief deemed necessary.

>/s/ Jacob C. Zweig_____
>Jacob C. Zweig, Esq.  (MD 29360)
>Attorneys for AmeriCredit Financial Services
>88 Union Avenue, Suite 700
>Memphis, TN 38103
>(901) 271-0768 telephone
>(901)271-0900 fax
>jacob.zweig@thehalelawgroup.com
>THE HALE LAW GROUP, PLLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __1ˢᵗ__ day of __November__, 2010, a copy of the foregoing Response was served on the parties listed below by first-class mail, postage-prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

Nancy Spencer Grigsby
100 S. Charles St., Suite 501
Tower II
Baltimore, MD 21201-2721
Chapter 13 Trustee

Doris Green Walker
7321 Furnace Branch Road
Glen Burnie, MD 21060
Attorney for Debtor

Eloise A. Travers
302 Elizabeth Avenue
Baltimore, MD  21060
Debtor

                                              _/s/ Carolyn Williams_____ __
                                              Carolyn Williams
                                              Legal Assistant to Jacob C. Zweig