Date signed December 16, 2010



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | | |
|---|---|---|---|
| In Re: | * | | |
| ELOISE A. TRAVERS | * | Case No. | 10-27738DK |
| | * | Chapter | 13 |
| | * | | |
| Debtor | * | | |
| ************************************ | * | | |
| ELOISE A. TRAVERS | * | | |
| | * | | |
| | * | | |
| Movant | * | | |
| vs. | * | | |
| AMERICREDIT FINANCIAL SERVICES, INC. | * | | |
| | * | | |
| | * | | |
| Respondent | * | | |

### MEMORANDUM OPINION

On August 27, 2010, in accordance with Bankruptcy Rule 3001, AmeriCredit Financial Services, Inc. ("AmeriCredit") filed a Proof of Claim asserting an unsecured claim in the amount of $9,743.30. The claim represented the unsecured deficiency balance due under a Simple

1

Interest Motor Vehicle Contract and Security Agreement (the "Agreement") entered into by the Debtor on May 15, 2001 in connection the Debtor's purchase of a 2001 Hyundai Tiburon.

On October 5, 2010, Debtor filed an Objection to the Claim of AmeriCredit. In that Objection, Debtor did not dispute any of the material facts of AmeriCredit's Proof of Claim, rather the Debtor's sole contention was that the three year statute of limitations applies and bars the Proof of Claim.

A proof of claim filed in accordance with Bankruptcy Rule 3001, establishes *prima facie*, the elements of a cause of action against the debtor for the claim asserted. Fed. R. Bankr. P. 3001(f). To overcome the *prima facie* validity of a claim, the objecting party must demonstrate by evidence, a defense to one or more elements of the cause of action asserted in the claim, which defense if uncontravened, would be sufficient to defeat the legal basis for the claim asserted. In other words, upon a creditor's filing of a properly executed proof of claim, the initial burden shifts to the objecting party to produce evidence in equal force to the *prima facie* case, which if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *In re Gates*, 214 B.R. 467, 472 (Bankr. D. Md. 1997). The ultimate burden rests in the party that would hold that burden under non-bankruptcy law. *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 26, 120 S.Ct. 1951, 1958 (2000) ("In the absence of modification expressed in the Bankruptcy Code the burden of proof on a [non-bankruptcy] claim in bankruptcy remains where the substantive [non-bankruptcy] law puts it."). In this case, that party is AmeriCredit.

Under Maryland law, the general statute of limitations for contract claims is three years unless an exception applies. MD. CODE ANN., CTS. & JUD. PROC. § 5-101. In the instant case,

Debtor argues that the general three-year statute of limitations applies, whereas AmeriCredit argues that the four-year statute of limitations set forth in Section 2-725(1) of the Maryland Commercial Law Article applies to this action to recover a deficiency judgment.  The Maryland Court of Appeals, in *Scott v. Ford Motor Credit Co.*, 691 A.2d 1320 (Md. 1997), held that when a buyer enters into a purchase installment contract with a seller, and the seller assigns the contract to a third party, an action by the third party claimant to recover a deficiency relating to the purchase installment contract is governed by the four-year statute of limitations of the Article of the Uniform Commercial Code governing sales of goods.

The *Scott* decision is "on all fours" with the case at bar, and because a federal court deciding a matter of state law must adhere to the rulings of the highest court in that state, the *Scott* decision is controlling in this instance.  *See Wells v. Liddy*, 186 F.3d 505, 527-28 (4th Cir. 1999) ("[W]e have an obligation to interpret the law in accordance with the Court of Appeals of Maryland, or where the law is unclear, as it appears that the court of Appeals would rule.").

Applying the holding of *Scott* to the known (and uncontested) facts of the instant case, the Court concludes it must conduct an evidentiary hearing.  The factual question is whether the applicable four-year statute of limitations had expired before the filing of the petition commencing this bankruptcy case.  Section 502(b)(1) of the Bankruptcy Code provides that a claim for which a timely filed proof of claim is filed shall be allowed[1] unless an objection is filed and the Court finds that the claim is unenforceable against the debtor and property of the debtor under applicable law as of the date of filing of the petition.  Therefore, the petition date is set as the date for which the expiration of a statute of limitation is tested.

---

[1] With exceptions not relevant to this case.

As to when the statute of limitations began to run, it is well established that a statute of limitation for a cause of action for breach of contract (such as a contract of sale) runs from the date upon which the non-breaching party had the right to sue. Section 2-725 provides:

> (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued . . . .
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.

MD. CODE ANN, COM LAW I § 2-725 (in part). *See also Boyd v. Bowen*, 806 A.2d 314, 333 (Md.App. 2002).

Attached to the Proof of Claim is a statement that sets forth the date upon which the collateral was sold. However the contract clearly provides that the sale of the collateral was not a pre-condition to the Seller's right to sue the Buyer. Therefore the auction date is not relevant to the running of the statute of limitation. Under the terms of the installment sales contract attached to the proof of claim, failure to make any payment timely constitutes a breach of contract.[2]  Accordingly, the Court finds that the statute of limitations under Section 2-725(1) of the Commercial Law Article when applied to this contract, began to run when Debtor defaulted upon payment.[3] The Proof of Claim did not contain factual information as to the

---

[2] "If you . . . [fail] to make any payment when due . . . . we may at our option and without notice or demand (1) declare all unpaid sums immediately due and payable subject to any right of reinstatement as required by law (2) file suit against you for all unpaid sums (3) take immediate possession of the vehicle with or without judicial proceedings (4) exercise any other legal or equitable remedy." Contract for Sale, attached to Proof of Claim.

[3] The court notes that this determination is subject to any evidence that may be presented at trial that would indicate a tolling of the limitation by some act which caused a reinstatement of the contract after the initial default. *See* 51 Am. Jur. 2d Limitation of Actions § 339 (2010)("In the absence of a statute providing otherwise, a part payment that complies with certain requirements starts the limitation period running anew, so that an action o the debt brought after the limitations period has run from the date of the original default is timely if it is filed within the

timing of the Debtor's default and the consequent running of the statute of limitation. However, because of the presumption of validity accorded to a properly filed claim, Debtor is required to produce some evidence that the four-year statute of limitation expired prior to the petition date. AmeriCredit must also be provided an opportunity to provide any counter-evidence if it is disputed.[4]

    For this reason, by separate notice, the Court will schedule an evidentiary hearing.

cc:    Debtor
        Debtor's Counsel – Doris Green Walker, Esq.,
        Trustee - Nancy Spencer Grigsby

        James Hogan, Jr.

        AmeriCredit Financial Services, Inc.
        P.O. Box 183853
        Arlington, TX 76096

**End of Order**

---

limitation period after the part payment.").

    [4] The ultimate burden of persuasion as to a statute of limitation defense rests upon the defendant. *See Joyce v. A.C. & S., Inc.*, 785 F.2d 1200, 1210 (4th Cir. 1986) ("The burden to prove the facts necessary to trigger the application of the statute of limitations is upon a defendant."); *see also*, *In re Newcomer*, 416 B.R. 166, 173 (Bankr. D. Md. 2009) *on reconsideration for other matter*, 02-13178, 2010 WL 3927481 (Bankr. D. Md. Sept. 30, 2010) ("Defendant has the burden of proof with regard to the affirmative defense of statute of limitations.")